UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SMITH a pseudonym for
Darren Perkins et al,

                Plaintiffs,

      v.

WASHINGTON STATE et al.,

                Defendants.

CASE NO. C14-5974 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR
APRIL 24, 2015

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Defendants filed five motions to dismiss (Dkt. 8, 12, 24, 26, 28). Currently before the Court are defendants' first two motions to dismiss (Dkt. 8, 12). Plaintiffs have filed a motion asking for leave to file a second amended complaint (Dkt. 19). The Court recommends granting defendants' motions that are ripe because of defects in plaintiffs' current complaint. The Court

1  also recommends granting plaintiffs' motion for leave to file a second amended complaint (Dkt.

2  19).  Thus, this Report and Recommendation will result in striking the three motions to dismiss

3  that are not yet ripe for consideration (Dkt. 24, 26, and 28).

4                                    FACTUAL SUMMARY

5       Plaintiffs are four residents of the Special Commitment Center.  Plaintiffs allege that over

6  the past eighteen years they were exposed to second hand environmental tobacco smoke, either

7  in prison, or at the Special Commitment Center.  Plaintiffs use pseudonyms in their amended

8  complaint and other filings, but they signed the complaint identifying themselves by their true

9  names (Dkt. 3).  Plaintiffs purport to file this action on behalf of themselves and other prisoners

10  and residents.  Plaintiffs paid the full filing fee.  Plaintiffs also served the action themselves.

11  Thus, the Court did not screen this action.  Defendants are state government entities, labor

12  unions, and both former and current state government officials (Dkt. 3).

13                                    STANDARD OF REVIEW

14       *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

15  a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

16  theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See*

17  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

18       For purposes of ruling on this motion, material allegations in the complaint are taken as

19  admitted and the complaint is construed in plaintiffs' favor.  *Keniston v. Roberts*, 717 F.2d 1295,

20  1300 (9th Cir. 1983).  "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to

21  dismiss does not need detailed factual allegations, plaintiffs' obligation to provide the grounds

22  for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

23  the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal

24

1    citations omitted).  "Factual allegations must be enough to raise a right to relief above the

2    speculative level, on the assumption that all the allegations in the complaint are true (even if

3    doubtful in fact)."  *Id*. at 545.  Plaintiff must allege "enough facts to state a claim to relief that is

4    plausible on its face."  *Id*. at 570.  The Court liberally construes a pro se pleading but cannot

5    supply facts to a complaint.  *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

6          In the Ninth Circuit, pro se plaintiffs should be given an opportunity to amend their

7    complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by

8    amendment.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984); *see also Cato v.*

9    *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529-30 (9th

10   Cir. 1985); *cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (suggesting that if the complaint's

11   deficiencies could be remedied by amendment, then it may be abuse of discretion to dismiss a

12   complaint without granting leave to amend).

13         To state a claim under 42 U.S.C. § 1983, at least the following elements must be met: (1)

14   defendant must be a person acting under the color of state law; (2) the person's conduct must

15   have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of

16   the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other

17   grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy*

18   *City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d

19   1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).  When a plaintiff fails to

20   allege or establish one of the three elements, his complaint must be dismissed.  That plaintiff

21   may have suffered harm, even if due to another's negligent conduct does not in itself necessarily

22   demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344,

23   106 S. Ct. 668 (1986).  Vague and conclusory allegations of official participation in civil rights

24

violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

        1.      Defects in the current complaint.

            A.      State entities are not "persons."

Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 claims against states, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). A governmental agency that is an arm of the state is not a "person" for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

Plaintiffs' attempt to name as defendants a number of state entities that are not "persons" for purposes of 42 U.S.C. § 1983. These defendants include the State of Washington, the Washington State Attorney General's Office, the Washington State Department of Corrections, the Washington State Department of Social Health Services, and the Washington State Special Commitment Center.

To determine whether a governmental agency is an arm of the state, the court should "look to state law and examine 'whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only in the name of the state, and the corporate status of the entity.'" *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993) (*quoting Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir.

1  1988)).  The first, and most important, factor is "whether a judgment against the defendant entity

2  under the terms of the complaint would have to be satisfied out of the limited resources of the

3  entity itself or whether the state treasury would also be legally pledged to satisfy the obligation."

4  *During v. Citibank, N.A.*, 950 F.2d 1419, 1424 (9th Cir. 1991).  In Washington, the state would

5  be liable for the judgment.  *See* RCW 4.92.040.  When analyzing the second factor, the court

6  should construe "central governmental functions" broadly.  *See During*, 950 F.2d at 1426.

7        None of the defendants identified above are "persons" within the meaning of the Civil

8  Rights Act.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *see also Alabama v.*

9  *Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir.

10  1993).  Plaintiffs' attempt to name these defendants is legally frivolous.  This defect in plaintiffs'

11  pleadings cannot be cured by amending the complaint a second time.  However, a second

12  amended complaint that does not name these entities as defendants may be appropriate in this

13  case.

14        B.      Private parties.

15        Plaintiffs name two labor groups as defendants.  These groups are the Teamsters Union

16  Local 117 and the Washington Federation of State Employees (Dkt. 3, p 4).  Private entities,

17  such as labor unions or labor organizations, can act under color of state law in certain

18  circumstances.  *See Tsao v. Desert Palace Inc.*, 698 F.3d 1128 (9th Cir. 2012)(holding that

19  municipal liability applies to private parties).

20        The Ninth Circuit has stated:

21        …A civil rights plaintiff suing a private individual under § 1983 must
          demonstrate that the private individual acted under color of state law; plaintiffs do
22        not enjoy Fourteenth Amendment protections against "private conduct abridging
          individual rights." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722, 81
23        S.Ct. 856, 6 L.Ed.2d 45 (1961). Section 1983 liability attaches only to individuals
          "who carry a badge of authority of a State and represent it in some capacity."

24

1   *Monroe v. Pape*, 365 U.S. 167, 172, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961),
    *overruled in part by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018,
2   56 L.Ed.2d 611 (1978). "In the typical case raising a state-action issue, a private
    party has taken the decisive step that caused the harm to the plaintiff, and the
3   question is whether the State was sufficiently involved to treat that decisive
    conduct as state action. This may occur ... sometimes if [the State] knowingly
4   accepts the benefits derived from unconstitutional behavior." *Nat'l Collegiate
    Athletic Ass'n. v. Tarkanian*, 488 U.S. 179, 192, 109 S.Ct. 454, 102 L.Ed.2d 469
5   (1988). Constitutional standards should be invoked only "when it can be said that
    the State is *responsible* for the specific conduct of which the plaintiff complains."
6   *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295,
    121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quotations omitted)(emphasis in
7   original).

8   *Franklin v. Fox,* 312 F.3d 423, 444 (9th Cir. 2002).

9       Courts utilize four tests to determine if a private party is acting under color of state law.

10  *Johnson v. Knowles*, 113 F.3d 1114, (1997).  Under the first test, a plaintiff may hold a private

11  entity liable if the entity is exercising powers traditionally reserved to the state.  *Johnson*, 113

12  F.3d at 1118 (*citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, (1974).  Plaintiffs

13  present no facts to support liability under this theory (Dkt. 3).  Plaintiffs assert that the labor

14  organization objected to the state's plan to end smoking in prisons and in the Special

15  Commitment Center (Dkt. 3, p. 4).  When a union negotiates the terms and conditions of

16  employment for its membership, it is not exercising a power reserved to the state. Therefore,

17  plaintiffs fail to state a claim under this test.

18      Under the second test, a private party may be liable if they are willful participants in joint

19  activity with the state or its agents.  *Johnson*, 113 F.3d at 1118.  This test includes the situations

20  in which defendants conspire to violate a person's rights. Plaintiffs provide no facts to support

21  their allegations and, instead, allege a conspiracy in conclusory fashion (Dkt. 3, pp. 20-21).

22      To allege conspiracy under 42 U.S.C. §1983, plaintiffs must set forth specific facts,

23  including an alleged agreement or meeting of the minds to violate their rights.  *United*

24

*Steelworker's of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir 1989). Plaintiffs allege that Teamsters Union Local 117 opposed a ban on smoking in prisons until 2005 (Dkt. 3, p. 9). Further, plaintiffs allege that the Washington Federation of Employees lobbies for the state to continue to allow smoking at the Special Commitment Center (Dkt. 3, pp, 9-10).

Plaintiffs have not alleged any facts showing that these defendants played any part in conspiring to determine how or where smoking can occur in these facilities. Nor have plaintiffs alleged any facts showing that these defendants played any part in controlling plaintiffs' exposure to second hand smoke. Plaintiffs fail to allege facts showing a conspiracy to deprive them of their rights. Thus, plaintiffs fail to state a claim; however this defect could possibly be cured by amendment of the complaint.

Under the third test, a private party acts under color of state law if the state compels them to take action. *Johnson*, 113 F.3d at 1119. Plaintiffs provide no facts to support liability under this test either.

Under the final test, a private party can be a state actor if it is regulated by the state to the point that the action can be considered as the action of the state itself. *Johnson*, 113 F. 2d at 1120. Plaintiffs provide no facts to support liability under this theory.

The Court concludes that plaintiffs fail to show the labor organizations acted under color of state law and, therefore, their motions to dismiss should be granted with leave to amend.

C.      Statute of Limitations.

Both Teamsters Union Local 117 and the Washington Federation of State Employees argue that this action should be dismissed based on a running of the three-year statute of limitation that is applicable to a civil rights action filed in Washington State (Dkt. 8 and 12).

1    The Washington Federation of State Employees misreads plaintiffs' allegations against

2 them as only applying to smoking in prisons, which ended in 2005 (Dkt. 12, p. 3).  Plaintiffs also

3 allege that the Washington Federation of State Employees lobbies to keep the Special

4 Commitment Center a smoking facility (Dkt. 3, p. 4, ¶ 1.9).  Plaintiffs claim against this

5 defendant is ongoing.  Although this allegation may otherwise be flawed, it does not violate the

6 statute of limitations.

7    Plaintiffs allege that Teamsters Union Local 117 prolonged their exposure to

8 environmental smoke in prison for five years --until 2005 (Dkt. 3, p. 4, ¶ 1.7). The appropriate

9 statute of limitations for a §1983 claim is the forum state's statute of limitations for tort actions.

10 *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).  Washington State provides a three-year statute of

11 limitations for tort claims.  RCW § 4.16.080(2).  Accordingly, the statute of limitations

12 applicable to plaintiffs' §1983 claim is three years.  *See  Joshua v. Newell*, 871 F.2d 884, 886

13 (9th Cir. 1989).  If a motion to dismiss is based on the running of a statute of limitations,

14 dismissal can be granted only if the assertions of the complaint, read with the required liberality,

15 would not permit plaintiff to prove that the statute tolled.  *Vaughan v. Grijalva*, 927 F.2d 476,

16 478 (9th Cir. 1991).

17    Plaintiffs argue in their response to the motion to dismiss that the labor union did not

18 inform plaintiffs they intended to lobby to prolong the use of tobacco in prison and that

19 "[b]ecause of the extensive publicity surrounding the MSA, all state employees know or should

20 have known that tobacco use and exposure to Environmental Tobacco Smoke, (ETS), poses a

21 serious and proven health hazard." (Dkt. 14 p. 3, ¶ 2.3).  The master settlement agreement

22 ("MSA") between the tobacco industry and several states went into effect in 1998 (Dkt. 3, pp. 2-

23 3).  Plaintiffs argue that they could not have known about a scheme to postpone termination of

24

1   smoking in prisons because union meetings are not advertised (Dkt. 14, p. 3, ¶ 2.3).  Plaintiffs

2   argue that their cause of action did not accrue until they learned of the union's action (Dkt. 14, p.

3   4).

4        Teamsters Union Local 117 argues that because plaintiffs' allegations regarding

5   discovery of the claim are not part of the complaint the Court cannot consider the argument.

6   (Dkt. 16, p. 3).  In the Ninth Circuit, pro se plaintiffs should be given an opportunity to amend

7   their complaint unless it is absolutely clear that the deficiencies of the complaint could not be

8   cured by amendment.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

9        Defendants have raised serious questions concerning application of the discovery rule to

10  this case.  This issue deserves full briefing by the parties.  Accordingly, the Court recommends

11  that plaintiffs be given the opportunity to file an amended complaint that sets forth plaintiffs'

12  allegations or facts in support of the application of the discovery rule to this action.

13       D.    Attempts to represent the rights of other persons.

14       Plaintiffs attempt to file this action on behalf of themselves and other persons (Dkt. 3, p.

15  2, ¶ 1.1).  The Court has not been asked to certify a class as required by Fed. R. Civ. P. 23 and

16  Local Civil Rule 23.  Further, non-attorney pro se litigants have no authority to represent anyone

17  other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir.2008) (non-

18  attorney plaintiff may not attempt to pursue claim on behalf of others).  The Court recommends

19  dismissal of plaintiffs' attempts to bring this action on behalf of others.  The Court recommends

20  ordering plaintiffs to amend the complaint limiting the actions to named plaintiffs.

21       E.    Plaintiffs use of pseudonyms.

22       Plaintiffs use pseudonyms for their real names in the case caption, but they identify

23  themselves by name when they signed the complaint (Dkt. 3).  The normal presumption is that

24

1  plaintiffs should file an action under their true names.  *Coe v. United States Dist. Court*, 676 F.2d

2  411, 415 (10th Cir.1982); Fed. R. Civ. P. 10(a).  A litigant may overcome the normal

3  presumption by showing a need to protect his identity.  *Doe. v. State of Alaska*, 112 F. 3d 1070

4  (9th Cir. 1997).  Plaintiffs have not shown any reason for the use of pseudonyms in this case.

5  The Court recommends ordering that plaintiffs use their true names or ordering plaintiffs to file a

6  motion demonstrating the need for protecting their identity.

7  CONCLUSION

8  The Court recommends instructing plaintiffs to file an amended complaint that does not

9  include defendants who are not persons and curing the other defects noted in this Report and

10  Recommendation.  Further, the Court recommends ordering plaintiffs to limit the action to

11  claims involving only them.  Plaintiffs cannot represent other persons.  The Court recommends

12  ordering plaintiffs to use their real names unless they file a motion and show cause for using

13  pseudonyms. The Court recommends striking the motions to dismiss that are not ripe given the

14  recommendation that plaintiffs file an amended complaint.

15  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

16  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

17  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

18  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

19  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

20  24, 2015, as noted in the caption.

21  Dated this 2nd day of April, 2015.

22

23  _____

24  J. Richard Creatura
    United States Magistrate Judge