UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE, GEORGE O. MITCHELL, DARREN PERKINS, and DARRELL KENT,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE, WASHINGTON STATE ATTORNEY GENERAL'S OFFICE, BOB FERGUSON, WASHINGTON STATE ATTORNEY GENERAL, et al.,<br><br>Defendants. | CASE NO. 14-cv-5974 RBL JRC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is plaintiffs' Motion for the Appointment of Counsel (Dkt. 31). Because plaintiffs have demonstrated sufficient ability to articulate their claims without an attorney given the complexity of the legal issues involved in this matter, but have not

demonstrated a likelihood of success on the merits, plaintiffs' motion for the appointment of counsel is denied.

### BACKGROUND

A discussion of the background of this case also serves to demonstrate, in part, plaintiffs' ability "to articulate [their] claims *pro se* in light of the complexity of the legal issues involved," as discussed further below, *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

On December 11, 2104, plaintiffs filed their complaint and paid their filing fee (*see* Dkt. 1). Shortly thereafter, on January 6, 2015, plaintiffs filed a first amended complaint (*see* Dkt. 3). They filed multiple certificates of service by first class mail, each with an attached notice of lawsuit and request to waive service of a summons (*see* Dkts. 4-6). On February 2, 2015, plaintiffs timely filed a response (*see* Dkt. 14) to defendant TEAMSTERS LOCAL UNION NO. 117's motion to dismiss, and attached a certificate of service by first class mail to their response (*see* Dkt. 14-1). In their response, plaintiffs cited amendments to the U.S. Constitution and sections of the Revised Code of Washington, as well as caselaw (*see* Dkt. 14).

Plaintiffs also filed a timely response (*see* Dkt. 18) to a motion to dismiss by defendant WASHINGTON FEDERATION OF STATE EMPLOYEES, and again attached a certificate of service by first class mail (*see* Dkt. 18-1). Although plaintiffs did not provide any citations in this response, they were able to articulate their response to the argument made in this defendant's motion, and also were able to articulate the basis for their argument as to why their claim against this defendant should survive (*see* Dkt. p. 3 ("the Defendant claim[s] that there was a 'ban on smoking at the Special Commitment Center' for the past nine years, and that WFSE members could not, 'have even conceivably prolonged smoking in that facility' [but] Plaintiffs can prove

1 that SCC residents spent tens of thousands of dollars on tobacco products in the time frame

2 mentioned by the Defendant")). In this response, plaintiffs acknowledged a deficiency in their

3 complaint, and within a week, filed a motion to amend their complaint again, with an attached

4 proposed amended complaint and an attached certificate of service (*see* Dkt. 19).

5     Plaintiffs subsequently filed a timely response (*see* Dkt. 30) to a motion to dismiss by

6 defendant WASHINGTON STATE DEPARTMENT OF CORRECTIONS, again with an

7 attached certificate of service (*see* Dkt. 30-1). Plaintiffs cited four cases in this response, as well

8 as the Revised Code of Washington (*see* Dkt. 30; *see also* Dkt. 29 (same)).

9     On March 30, 2015, plaintiffs filed the motion for appointment of counsel currently

10 before the Court (*see* Dkt. 31). Plaintiffs also filed a memorandum in support (*see* Dkt. 32). In

11 their memorandum, plaintiffs cite the United States Code, as well as eight cases, including Ninth

12 Circuit authority regarding the relevant standard for appointment of counsel (*see id.* (*citing, e.g.,*

13 *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1989))). Plaintiffs additionally filed five

14 affidavits in support of their motion (*see* Dkts. 33-37; *see also* Dkts. 53, 54).

15     Plaintiffs also filed another response to a motion to dismiss (*see* Dkt. 38), as well as a

16 motion for an order of default (*see* Dkt. 39).

17     After this Court issued a Report and Recommendation on multiple motions (*see* Dkt. 45),

18 plaintiffs filed a forty page proposed amended complaint (*see* Dkt. 51). Subsequent to the

19 Court's Order adopting the Report and Recommendation (*see* Dkt. 62), which granted plaintiffs'

20 motion to amend complaint (within 21 days), plaintiffs did not re-file their proposed amended

21 complaint or any new amended complaint, however plaintiffs did file a motion for

22 reconsideration of this Order (*see* Dkt. 65). The Court notes its finding (*see* Dkts. 45, 62) that

23 although plaintiffs had "not alleged any facts showing that these defendants [labor groups]

24

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 3

played any part in conspiring to determine how or where smoking can occur in these facilities" and had not "alleged any facts showing that these defendants played any part in controlling plaintiffs' exposure to second hand smoke," and therefore failed to state a claim, the Court also found that "this defect could possibly be cured by amendment of the complaint" (Dkt. 45, p. 7).

Following multiple responses to plaintiffs' motion for appointment of counsel (*see* Dkts. 44, 48), in reply, plaintiffs filed a memorandum in support of the motion for appointment of counsel (*see* Dkt. 59).

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

1   Here, as the Court alluded to above, plaintiffs have demonstrated some ability to deal
2 with the process of filing and responding to motions, as well as some ability to cite relevant
3 caselaw. Furthermore, in their proposed amended complaint filed on April 23, 2015 (Dkt. 51),
4 plaintiff demonstrate an ability to articulate the factual basis for their claims, given the low level
5 of complexity of the legal issues involved in this matter. *See Wilborn*, 789 F.2d at 1331 (*quoting*
6 *Weygandt*, 718 F.2d at 954). For example, plaintiffs "allege that during their confinement at
7 SCC, the Defendants, employees of DSHS, SCC, and Washington State, have deprived the
8 Plaintiffs of their Federal and State Constitutional and Statutory rights by allowing the Plaintiffs
9 to constantly be exposed to secondhand and third-hand tobacco smoke . . . ." (*see* Dkt. 51, ¶
10 1.2). Plaintiffs also allege that defendants "hindered the Plaintiffs' fundamental constitutional
11 right of access to court, by not having a viable law library or qualified legal assistance to assist
12 the Plaintiffs with the complexities of the law in this case" (*see id.*, ¶1.3). These claims are
13 relatively straight forward and the complexity of the legal issues involved is not great.
14   Although plaintiffs have articulated a factual basis for their claims, the Court notes
15 defendants' arguments that plaintiffs "have failed to plead any Defendant's actual knowledge of
16 Plaintiffs' exposure to an unreasonable amount of ETS [Environmental Tobacco Smoke]" and
17 that to establish their claim, plaintiffs "must show an objective factor, that [they were] exposed
18 to levels of ETS that posed an unreasonable risk of serious damage to [their] present or future
19 health . . . ." (*see* Dkt. 64, pp. 9, 10 (*citing Helling v. McKinney,* 509 U.S. 25, 35 (1993))). The
20 Court also notes defendants' argument that in "cases where courts have found unreasonable
21 exposure to ETS, the plaintiff is typically forced to share a cell with a smoker . . . . [while]
22 [i]n contrast, courts have recognized that intermittent exposure to ETS is not unreasonable" (*see*
23
24

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 5

*id*., p. 11 (*citing Helling*, 509 U.S. at 28; *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)).

The Court concludes that plaintiffs have not demonstrated that their claim regarding exposure to environmental tobacco smoke has a great likelihood of success on the merits. Plaintiffs' claim regarding access to the courts is slightly more difficult to access at this stage of the process; however, the Court concludes that plaintiffs also have not demonstrated a likelihood of success on this claim.

Based on an overall assessment of plaintiffs' claims, the Court concludes that plaintiffs' likelihood of success on the merits is not great.

## CONCLUSION

Plaintiffs indicate that they cannot afford to hire counsel. However, the inability to hire counsel is not an exceptional circumstance warranting court appointment. This case does not involve complex facts or law and plaintiffs have shown an ability to articulate their claims in a clear fashion understandable to the Court. Further, plaintiffs do not show that they are likely to succeed on the merits of their case.

Therefore, it is ORDERED:

(1) Plaintiffs' motion for appointment of counsel (Dkt. 31) is denied.

(2) The Clerk shall send a copy of this Order to plaintiffs and counsel for defendants.

Dated this 2nd day of June, 2015.

_____
J. Richard Creatura
United States Magistrate Judge