UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SMITH,

                Plaintiff,

    v.

WASHINGTON STATE, et al.,

                Defendants.

CASE NO. 3:14-CV-05974-RBL-JRC

ORDER ON MOTION FOR LEAVE
TO FILE AMICUS CURIAE

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

       Before the Court is a "motion for leave to file amicus curiae the attached: Declaration to Take Judicial Notice" filed by a third party, Jack A. Mujahid-Leck. Dkt. 81. Mr. Mujhaid-Leck is a third party to this action and is housed at the Special Commitment Center (SCC). *Id.* Mr. Mujahaid-Leck states that he and others have a strong interest in the subject matter and believe that plaintiffs gave the Court information that requires correction. *Id.*

       Plaintiffs are four residents of the SCC -- Calvin Malone, George Mitchell, Darren Perkins and Darrell Kent. Dkt. 51 ¶1.1-1.2; Dkt. 66 ¶ 1.1-1.2. Plaintiffs are non-smokers. Dkt. 51 ¶ 1.2; Dkt. 66 ¶ 1.2. Plaintiffs allege that the SCC is not in compliance with Washington state

law, RCW 70.160, regarding smoking in and near a public building, *see* Dkt. 51 ¶ 5.35; Dkt. 66 ¶ 5.33, and the SCC residents have been allowed to freely use tobacco products since 2004. Dkt. 51 ¶ 5.7; Dkt. 66 ¶ 5.5. Allegedly, defendants facilitated the continued use of tobacco products within the SCC and the SCC smoking policy has been in effect "for years." Dkt. 51 ¶ 5.39-5.40; Dkt. 66 ¶ 5.35.

Although Mr. Mujhaid-Leck titled his pleading as a "motion for leave to file amicus curiae," the Court interprets the motion as a request to take judicial notice. Courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute, and is thus subject to judicial notice, only where the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The declaration of judicial notice states that smoke does not blow into the living units at the SCC and that the fresh air pads are free of any smokers most of the time. Dkt. 81 at 5. The declaration also appears to be signed by other SCC residents who are both smokers and non-smokers. *Id.* at 6.

The Court declines to take judicial notice of the facts asserted in Mr. Mujhaid-Leck's motion. None of the facts alleged by Mr. Mujhaid-Leck fall within the category that can be judicially noticed under Rule 201. The facts are subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Accordingly, the Court denies Mr. Mujhaid-Leck's motion. Dkt. 81.

Dated this 16th day of November, 2015.

J. Richard Creatura
United States Magistrate Judge