UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE, GEORGE O
MITCHELL, DARREN PERKINS,
DARRELL KENT,

                    Plaintiffs,

          v.

WASHINGTON STATE, et al.,

                    Defendants.

CASE NO. 3:14-CV-05974-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: DECEMBER 11, 2015

          The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

Magistrate Judge Rules MJR1, MJR3 and MJR4.

          Plaintiffs are civilly committed to the Special Commitment Center ("SCC") in Pierce

County, Washington and allege that defendant Becky Denny violated their First Amendment

right to access to the courts because the SCC law library is inadequate. Dkts. 51, 66.  Defendant

Denny's motion to dismiss contends that plaintiffs failed to state a claim. Dkt. 80.

1    The undersigned recommends that defendant Denny's motion to dismiss be granted.

2    Plaintiffs failed to allege that they suffered actual injury as a result of the alleged deficiencies in

3    legal resources at the SCC and also failed to allege that defendant Denny personally participated

4    in the alleged constitutional violation. Thus, plaintiffs have failed to state a claim that defendant

5    Denny violated plaintiffs' right to access to the courts. However, the Court recommends that

6    plaintiffs be granted leave to amend their complaint.

7    **PROCEDURAL HISTORY**

8    On December 11, 2014, plaintiffs filed their complaint and paid their filing fee. *See* Dkt.

9    1. On January 6, 2015, plaintiffs filed a first amended complaint. *See* Dkt. 3. Thereafter,

10   defendants John Clayton, Holly Coryell, Todd Dubble, Bob Ferguson, Cathi Harris, Crystal

11   McCabe, Kevin W Quigley, Richard Steinbach, Mark Strong, Leslie Sziebert, Washington State,

12   Washington State Attorney General's Office, Washington State Department of Social and Health

13   Services, Washington State Special Commitment Center, Christine Gregoire, Teamsters Local

14   Union 117, Washington Department of Corrections, and Washington Federation of State

15   Employees filed five motions to dismiss. Dkts. 8, 12, 24, 26, 28. The undersigned issued a

16   Report and Recommendation recommending that two of the five motions to dismiss be granted.

17   *See* Dkt. 45; Dkt. 8 (motion to dismiss filed by defendant Teamsters Union Local 117); Dkt. 12

18   (motion to dismiss filed by defendant Washington Federation of State Employees).  The

19   undersigned also recommended that plaintiffs be allowed to file a second amended complaint,

20   and therefore, the three remaining motions were stricken. *See* Dkt. 45. Plaintiffs filed a proposed

21   amended complaint ("second amended complaint") on April 23, 2015. Dkt. 51. Subsequent to

22   the Court's order adopting the report and recommendation, which granted plaintiffs' motion to

23

24

REPORT AND RECOMMENDATION: 2

1  amend complaint within 21 days, plaintiffs did not re-file their proposed amended complaint or a

2  new amended complaint. *See* Dkt. 62.

3          Defendants John Clayton, Holly Coryell, Todd Dubble, Bob Ferguson, Christine

4  Gregoire, Cathi Harris, Crystal McCabe, Kevin W. Quigley, Richard Steinbach, Mark Strong,

5  Leslie Sziebert filed a motion to dismiss on May 20, 2015. Dkt. 64. Plaintiffs filed a third

6  amended complaint against defendants John Clayton, Holly (Holley) Coryell, Todd Dubble, Bob

7  Ferguson, Christine Gregoire, Cathi Harris, Crystal McCabe, Kevin W Quigley, Richard

8  Steinbach, Mark Strong, Leslie Sziebert, Becky Denny, Jane Doe, and John Doe on May 28,

9  2015. Dkt. 66.  Plaintiffs filed a response to defendants' motion to dismiss on June 4, 2015 (Dkt.

10  68) and defendants filed a reply on June 11, 2015 (Dkt. 69). Plaintiffs filed a second response on

11  June 19, 2015. Dkt. 70.

12          A report and recommendation is currently pending on defendants John Clayton, Holly

13  Coryell, Todd Dubble, Bob Ferguson, Christine Gregoire, Cathi Harris, Crystal McCabe, Kevin

14  W. Quigley, Richard Steinbach, Leslie Sziebert and Mark Strong's motion to dismiss in which

15  the Court recommended dismissal of the following claims: (1) unreasonable exposure to ETS

16  against defendants Ferguson, Gregoire, Coryell, John Doe and Jane Doe; (2) violation of

17  plaintiffs' right to access to the courts against all named defendants properly served at the time of

18  the report and recommendation and (3) violation of plaintiffs' right to the grievance process. The

19  Court recommended that defendants' motion to dismiss be denied with respect to plaintiffs'

20  claim of unreasonable exposure to ETS against defendants Quigley, Clayton, Strong, Dubble,

21  Steinbach, Sziebert, Harris and McCabe. Dkt. 71. The Court, however, permitted plaintiffs to

22  effectuate service on defendant Denny. Dkt. 71 at 22-25. Plaintiffs perfected service. Dkt. 76.

23

24

1    Now before the Court is defendant Denny's motion to dismiss for failure to state a claim.

2    Dkt. 80. Plaintiffs filed a response. Dkt. 82. Defendant Denny filed a reply. Dkt. 83.

3    **STANDARD OF REVIEW**

4    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

5    a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

6    theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See*

7    *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

8    For purposes of ruling on this motion, material allegations in the complaint are taken as

9    admitted and the complaint is construed in plaintiffs' favor. *Keniston v. Roberts*, 717 F.2d 1295,

10   1300 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to

11   dismiss does not need detailed factual allegations, plaintiffs' obligation to provide the grounds

12   for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

13   the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal

14   citations omitted). "Factual allegations must be enough to raise a right to relief above the

15   speculative level, on the assumption that all the allegations in the complaint are true (even if

16   doubtful in fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is

17   plausible on its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot

18   supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

19   **MULTIPLE COMPLAINTS**

20   With respect to whether plaintiff's second or third amended complaint is operative, the

21   Court construes plaintiffs' pro se pleadings liberally and in plaintiffs' favor. *Keniston v. Roberts*,

22   717 F.2d 1295, 1300 (9th Cir. 1983); *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992). Plaintiffs

23   filed their proposed second amended complaint prior to the Court's order adopting the report and

24

REPORT AND RECOMMENDATION: 4

1  recommendation. *See* Dkt. 51. Plaintiffs then filed their third amended complaint. Dkt. 66. For

2  purposes of ruling on this motion, the undersigned assumes that the material allegations in

3  plaintiffs' second and third amended complaints should be taken as admitted and construed in

4  plaintiffs' favor.

5  **FACTUAL SUMMARY**

6  Plaintiffs are four residents of the SCC -- Calvin Malone, George Mitchell, Darren

7  Perkins and Darrell Kent. Dkt. 51 ¶1.1-1.2; Dkt. 66 ¶ 1.1-1.2. Plaintiffs allege that defendant

8  Denny manages the SCC's legal affairs and that she is "responsible for ordering legal reference

9  material, and updating all legal resources …," and that defendant Denny failed "to assure

10  Plaintiffs' [sic] had proper access" to the courts. Dkt. 66 ¶ 4.13.

11  Plaintiffs describe the deficiencies of the law library in detail, alleging that many legal

12  books are missing, legal books and litigation manuals are out of date, there are no federal forms,

13  several books can only be used inside the libraries, computers have not been updated properly,

14  case law and other pertinent information is missing, and some units do not have legal computers.

15  Dkt. 51 ¶ 5.50; Dkt. 66 ¶ 5.46-5.47. Plaintiffs allege that they were unable to review case law in

16  defendants' first motion to dismiss because the cases could not be found. *Id*. When plaintiffs

17  raised this issue in "their motion" printouts of the cases appeared, legal computers were replaced

18  and case law was updated. *Id*.

19  **DISCUSSION**

20  To state a claim under 42 U.S.C. § 1983, the following elements must be met: (1)

21  defendant must be a person acting under the color of state law; (2) the person's conduct must

22  have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of

23  the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other

24

grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

As an initial matter, plaintiffs sue defendant Denny in both her personal and official capacities. Dkt. 66 ¶ 4.13. Absent a waiver of sovereign immunity, state officials in their official capacities are not subject to suits seeking damages in federal court under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The State of Washington has made no such waiver. *Rains v. State*, 100 Wn.2d 660, 668, 674 P.2d 165 (1983). Therefore, to the extent that plaintiffs seek to sue defendant Denny in her official capacity for money damages, the Eleventh Amendment bars those claims. *Pennhurst*, 465 U.S. at 120. Therefore, the Court recommends that all claims against defendant Denny in her official capacity be dismissed.

As to plaintiffs' claims against defendant Denny in her personal capacity, plaintiffs contend that defendant Denny's conduct violated their right to access to the courts. *See* Dkts. 51, 66. Defendant Denny contends that plaintiffs do not allege any actual injury. Dkt. 80 at 4-5.

Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  This right of access to courts is also guaranteed to individuals who are involuntarily committed to a mental institution. *Cornett v. Donovan,* 51 F.3d 894, 897 (9th Cir. 1995), *as amended* (May 23, 1995) (*citing King v. Atiyeh*, 814 F.2d 565, 568 n. 2 (9th Cir. 1987)).  This right of access to courts helps ensure that the unlawfully detained obtain their freedom, and that those lawfully detained have recourse for

1    violations of their constitutional rights. *Johnson v. Avery,* 393 U.S. 483, 485 (1969); *Wolff v.*

2    *McDonnell,* 418 U.S. 539, 579 (1974). To prevail on a right to access claim, a plaintiff must

3    provide sufficient information establishing a "nonfrivolous" or "arguable" underlying claim.

4    *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

5         "[M]eaningful access to the courts is the touchstone," *id.* at 823, and "the inmate must go

6    one step further and demonstrate that the alleged shortcomings in the library or legal assistance

7    program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. Further, "[a]n

8    inmate cannot establish relevant actual injury simply by establishing that his prison's law library

9    or legal assistance program is subpar in some theoretical sense." *Lewis,* 518 U.S. at 351.

10        However, the scope of the right to access to the courts is limited and prisoners only need

11   to have the "minimal help necessary" to file legal claims. *Id.* at 360.  The right of access to the

12   courts does not extend to a right to discover claims or litigate them once filed with a court. *Id.* at

13   354-55. Further, the Constitution does not mandate "that prisoners (literate or illiterate) be able

14   to conduct generalized research, but only that they be able to *present* their grievances to the

15   courts." *Id.* at 360 (emphasis added)*; see also Madrid v. Gomez,* 190 F.3d 990, 995 (9th Cir.

16   1999); *Cornett v. Donovan,* 51 F.3d 894, 898 (1995), *cert. denied sub nom Henry v. Caballero,*

17   518 U.S. 1033 (1996). *Exmundo v. Kevorkian,* 2009 WL 3416236, *3 (E.D. Cal. Oct.22, 2009)

18   (holding that litigating a case effectively is not a constitutionally protected right, and finding the

19   plaintiff did not state an access claim when he alleged he had to secure extensions and speculated

20   the outcome of a case may have been different had he been able to litigate more effectively);

21   *Ruth v. Glebe,* 2015 WL 5156339, at *4 (W.D. Wash. May 19, 2015) *report and*

22   *recommendation adopted,* No. C14-1388 BHS, 2015 WL 5156362 (W.D. Wash. Sept. 2, 2015).

23

24

1    Plaintiffs must show that they suffered an actual injury due to the defendant Denny's

2    unconstitutional conduct.  *Lewis*, 518 U.S. at 349; *Pena*, 976 F.2d at 471 (Vague and conclusory

3    allegations of official participation in civil rights violations are not sufficient to withstand a

4    motion to dismiss).  Actual injury requires "actual prejudice with respect to contemplated or

5    existing litigation."  *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

6    Plaintiffs make general allegations that they "experienced serious violations of their

7    fundamental right to access the courts, directly stemming from the lack of an adequate law

8    library." Dkt. 66 ¶ 5.46. Plaintiffs allege that they were not able to "properly review case law

9    cited by the Attorney General's first motions to dismiss because all the cases could not be

10   found," *id.,* and that specific legal materials are not available in the SCC law library and that the

11   computers are outdated. *See id.* at ¶ 5.46-5.47, 7.3. However, plaintiffs concede that when they

12   raised this issue, printouts of the cases appeared, computers were replaced and case law was

13   updated. *See* Dkt. 51 ¶ 5.50; Dkt. 66 ¶ 5.46-5.47.

14   In their response to defendant Denny's motion to dismiss, plaintiffs allege that the

15   inadequate SCC law library hindered their efforts to pursue a claim against defendants

16   "Ferguson, Coryell, Federation of Employees Union, and Teamsters 117" for "failure to satisfy a

17   technical requirement which, because of the deficiencies in the SCC Legal Law Library system

18   the Plaintiffs could not have known until they attempted to research their argument and found

19   cases missing or nonexistent." Dkt. 82 at 6. Plaintiffs do not state what case law they were not

20   able to review or what "technical requirement" they failed to satisfy. *See id.*

21   Plaintiffs' complaint does not provide specific facts to establish any actual injury; rather,

22   at best, plaintiffs' allegations that they could not access case law cited by defendants and that the

23   SCC law library is inadequate only show that they may have been able to better articulate their

24

case with specific legal materials. However, this is not sufficient to state a viable access to courts claim. *See Lewis,* 518 U.S. at 354-55, 360; *see also Madrid,* 190 F.3d at 995; *Exmundo,* 2009 WL 3416236 at *3. Plaintiffs have failed to plead facts which raise their claim of denial of access to the courts above the speculative level.

The Court notes that although *Lewis* was not decided at the pleading stage, the Supreme Court stated that plaintiff's general allegations of inadequacies in the prison system, including failure to provide adequate legal assistance to non-speaking inmates and lockdown prisoners, *Lewis,* 518 U.S. at 357, may have sufficed to claim injury because on a motion to dismiss, courts presume that "general allegations embrace those specific facts that are necessary to support the claim." *Id.* at 358. Nonetheless, *Twombly* changed the pleading requirements 11 years after *Lewis. Twombly* held that "[w]hile a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiffs' obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 545.

Furthermore, plaintiffs have failed to plead actual injury because actual injury requires a showing that plaintiffs suffered "actual prejudice with respect to contemplated or existing litigation." *See Greene*, 648 F.3d at 1018. Plaintiffs allege that they were not able to "properly review case law cited by the Attorney General's first motions to dismiss because all the cases could not be found." Dkt. 66 ¶ 5.46.  Although plaintiffs' complaint is not entirely clear, plaintiffs clarify this allegation in their response to defendants' motion to dismiss, alleging that the inadequate SCC law library hindered their efforts to pursue a claim against defendants "Ferguson, Coryell, Federation of Employees Union, and Teamsters 117" for "failure to satisfy a technical requirement which, because of the deficiencies in the SCC Legal Law Library system

1    the Plaintiffs could not have known until they attempted to research their argument and found

2    cases missing or nonexistent." Dkt. 82 at 6.

3            The Court interprets plaintiffs' allegation to contend that plaintiffs were unable to review

4    case law cited in three motions to dismiss: (1) motion to dismiss filed by defendants John

5    Clayton, Holly Coryell, Todd Dubble, Bob Ferguson, Cathi Harris, Crystal McCabe, Kevin W

6    Quigley, Richard Steinbach, Mark Strong, Leslie Sziebert, Washington State, Washington State

7    Attorney General's Office, Washington State Department of Social and Health Services, and

8    Washington State Special Commitment Center (Dkt. 26); (2) motion to dismiss filed by

9    defendant Teamsters Local Union 117 (Dkt. 8); and (3) motion to dismiss filed by defendant

10   Washington Federal of State Employees (Dkt. 12). *See* Dkts. 8, 12, 26.

11           However, the Court's report and recommendation struck defendants John Clayton, Holly

12   Coryell, Todd Dubble, Bob Ferguson, Cathi Harris, Crystal McCabe, Kevin W Quigley, Richard

13   Steinbach, Mark Strong, Leslie Sziebert, Washington State, Washington State Attorney General's

14   Office, Washington State Department of Social and Health Services, and Washington State

15   Special Commitment Center  motions to dismiss (Dkt. 26) as it was not yet ripe for consideration

16   and granted plaintiffs' motion for leave to file a second amended complaint. *See* Dkt. 45.  The

17   Court's report and recommendation also advised plaintiffs that they had failed to state a claim

18   against defendants Teamsters Union Local 117 and Washington Federation of Employees but

19   granted plaintiffs leave to amend their complaint to cure the defects noted by the Court. Dkt. 45

20   at 5-7. Plaintiffs failed to raise any further claims against these two dismissed defendants in their

21   amended complaints. *See* Dkts. 51, 66.

22           Plaintiffs subsequently amended their complaint twice against defendants Ferguson and

23   Coryell, and plaintiffs concede that they had access to the requested case law in both amended

24

1    complaints. *See* Dkt. 51 ¶ 5.50; Dkt. 66 ¶ 5.46-5.47. The remaining defendants then filed a

2    renewed motion to dismiss plaintiffs' amended complaint, Dkt. 64, and plaintiffs filed two

3    responses, Dkts. 64, 68. The Court then entered a report and recommendation on defendants John

4    Clayton, Holly Coryell, Todd Dubble, Bob Ferguson, Cathi Harris, Crystal McCabe, Kevin W

5    Quigley, Richard Steinbach, Mark Strong, Leslie Sziebert, Washington State, Washington State

6    Attorney General's Office, Washington State Department of Social and Health Services, and

7    Washington State Special Commitment Center's motion to dismiss. Dkt. 71.

8           Thus, the Court did not address plaintiffs' allegations against defendants Ferguson and

9    Coryell until plaintiffs had amended their complaint with access to the case law cited by

10   defendants. *See id.;* Dkts. 51, 66. Moreover, plaintiffs failed to raise any claims against

11   dismissed defendants Teamsters Local Union 117 and Washington State Federation of Employee

12   in their amended complaints. *See* Dkts. 51, 66. Accordingly, plaintiffs have not shown that they

13   suffered any actual injury or actual prejudice to existing litigation due to their inability to review

14   case law.

15          Even assuming all material allegations of plaintiffs' complaint as admitted and liberally

16   construing those allegations in favor of plaintiffs, they can prove no set of facts in support of

17   their access to courts claim against defendant Denny that would entitle them to relief. Because

18   plaintiffs have failed to allege any specific and actual injury, and they have failed to state a

19   denial of access to the courts claim. Plaintiffs only state conclusory allegations and have failed to

20   put forth more than a "formulaic recitation" of a cause of action. *Twombly,* 550 U.S. at 545.

21   However, the Court recommends that plaintiffs be afforded an opportunity to amend their

22   complaint. In order to state a cognizable access to courts claim, plaintiffs need to set forth

23   specific facts showing that how the inadequacy of the SCC law library caused actual injury.

24

REPORT AND RECOMMENDATION: 11

1

**CONCLUSION**

2          The undersigned recommends that defendant Denny's motion to dismiss be granted but

3 that plaintiffs be granted leave to amend their complaint to address the deficiencies noted by the

4 Court.

5          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

6 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

7 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

8 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

9 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

10 **December 11, 2015**, as noted in the caption

11          Entered this 20th day November, 2015.

12

13
                                        _____
                                        J. Richard Creatura
14                                      United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24