UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN W. QUIGLEY, et al., <br><br> Defendants. | CASE NO. 3:14-CV-05974-RBL-JRC <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is plaintiffs' motion for appointment of counsel. Dkt. 92. Having reviewed the motion and the balance of the record, the Court finds that the motion should be denied because plaintiffs have demonstrated an ability to articulate their claims without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

## BACKGROUND

On December 17, 2015 the Court granted defendants' motion to dismiss as to all of plaintiffs' claims except their unreasonable exposure to environmental tobacco smoke claim against defendants Quigley, Clayton, Strong, Dubble, Steinbach, Sziebert, Harris, and McCabe. Dkt. 87. On January 27, 2016, the Court dismissed defendant Denny because plaintiffs failed to timely file an amended complaint. Dkt. 90. Thus, this case is proceeding on plaintiffs' remaining claim: unreasonable exposure to environmental tobacco smoke against defendants Quigley, Clayton, Strong, Dubble, Steinbach, Sziebert, Harris and McCabe.

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

1    Plaintiffs' motion states that they are at a "serious" disadvantage to litigate against the
2 state attorney general and that this creates an exceptional circumstance in which the Court should
3 exercise its discretion to appoint counsel. Dkt. 92-1 at 6. Plaintiffs also allege that because they
4 are *pro se,* they are bound to make fatal errors that may cost the Court money and time. *Id.*
5 Plaintiffs allege that they have a mental disability, which requires their current commitment to a
6 state facility. *Id.* at 7. Plaintiffs allege they cannot function as "normal" persons. *Id.* at 7-8. In
7 their reply to defendants' response, plaintiffs state they have to rely on defendants for access to
8 legal research material and functioning legal computers, which is restricted due to plaintiffs' civil
9 commitment.  Dkt. 94 at 3-4. Plaintiffs complain that their legal materials have to be copied, and
10 thus, can be read by anyone and could impact filing deadlines. *Id.* at 4. Plaintiffs also complain
11 that evidence has been redacted and that an appointed attorney could have "complete access to
12 information that the Defendants would not let Plaintiffs see." *Id.* Plaintiffs also complain that the
13 links to federal and Ninth Circuit cases do not work and that there is no constitutional law. *Id.* at
14 7. Plaintiffs allege they have to wait for the library to open to use it and that they are only able to
15 access the library between 9:00 a.m. and 8:30 p.m. *Id.* at 7-8. Plaintiffs allege that have to walk
16 120 yards to access Black's Law Dictionary. *Id.* at 7. Plaintiffs also submit declarations in
17 support of their "request for leave to proceed in forma pauperis." Dkts. 95-98.
18    Despite plaintiffs' assertions, they have demonstrated an ability to articulate their claims
19 under the Eighth and Fourteenth Amendments in a clear fashion that is understandable to the
20 Court.  Plaintiffs have filed several amended complaints, coherent briefs and motions arguing the
21 facts and law related to their case, including a partially successful defense against defendants'
22 motion to dismiss. Further, although plaintiffs allege that they are not able to access certain legal
23 materials, plaintiffs routinely cite to relevant case law in their pleadings.  Furthermore, their
24

motions and briefs demonstrate that plaintiffs are articulate and grasp a fundamental understanding of the issues in this case. Concerns regarding the absence of legal training and limited access to legal materials are not exceptional factors, and are the type of difficulties encountered by many *pro se* litigants.

In addition, this is not a complex case, nor do plaintiffs' § 1983 claims of environmental tobacco smoke entitle them to representation. *See Storseth*, 654 F.2d at 1353. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

Moreover, simply because plaintiffs overcame the hurdle of a motion to dismiss does not mean that plaintiffs would win at trial. Plaintiffs have not demonstrated that their claim regarding exposure to environmental tobacco smoke is likely to succeed at trial.

Regarding plaintiffs' motion to proceed *in forma pauperis, see* Dkts. 95-98, plaintiffs' request is denied as moot. Plaintiffs have already paid the filing fee in this case. *See* Dkt. 1.

Therefore, it is ORDERED:

(1) Plaintiffs' motion for appointment of counsel (Dkt. 92) is denied.

(2) Plaintiffs' motion to proceed *in forma pauperis* (Dkts. 95-98) is denied as moot.

(3) The Clerk shall send a copy of this Order to plaintiffs and counsel for defendants.

Dated this 24th day of May, 2016**.**

J. Richard Creatura
United States Magistrate Judge