# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ROBERT SMITH et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>KEVIN W. QUIGLEY, et al.,<br><br>    Defendants. | CASE NO. 3:14-CV-05974-RBL-JRC<br><br>ORDER DENYING CLASS ACTION CERTIFICATION |

  Plaintiffs Calvin Malone, George Mitchell, Darrell Kent, and Darren Perkins are civilly committed detainees proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs allege violations of their constitutional rights under the First, Eighth and Fourteenth Amendments. Dkt. 66 at 2. Presently pending before the Court is the plaintiffs' Motion Requesting Class Action ("Motion"), filed on May 4, 2016. Dkt. 100.

  The Court has fully considered plaintiffs' motion (Dkt. 100), defendants' response (Dkt. 102) and plaintiffs' reply (Dkt. 103). The Court denies without prejudice plaintiffs' request for class certification because plaintiffs, proceeding *pro se* and without counsel, are not qualified to

1  act as class representatives as they are unable to fairly represent and adequately protect the
2  interests of the class. *See* Fed. R. Civ. P. 23(a).

## BACKGROUND

On December 11, 2014, plaintiffs filed a complaint. Dkt. 1. A First Amended Complaint was filed on January 6, 2015. Dkt. 3. Motions to Dismiss were filed by various defendants on January 15, 2015, January 23, 2015, March 5, 2015, March 13, 2015 and May 20, 2015. Dkt. 8, 12, 24, 28, 64.

On May 28, 2015, plaintiffs filed an amended complaint (Dkt. 66) in response to the Order Adopting Report and Recommendation and Denying Motion for Default. Dkt. 62. Plaintiffs are non-smokers and allege that during their confinement at Washington State Special Commitment Center ("SCC"), the defendants, who are employees of Department of Social and Health Services ("DSHS"), SCC, and Washington State, have "deprived them of their Federal and State Constitutional rights and violated statutory state law by allowing the plaintiffs to constantly be exposed to secondhand and third-hand tobacco smoke, (otherwise referred to as Environmental Tobacco Smoke or (ETS)…" Dkt. 66 at 2.

On December 17, 2015, the Court granted defendants' motion to dismiss as to all of plaintiffs' claims except their unreasonable exposure to environmental tobacco smoke claim against defendants Quigley, Clayton, Strong, Dubble, Steinbach, Sziebert, Harris, and McCabe. Dkt. 87. On January 27, 2016, the Court dismissed defendant Denny because plaintiffs failed to timely file an amended complaint. Dkt. 90. Thus, this case is proceeding on plaintiffs' remaining claim: unreasonable exposure to environmental tobacco smoke against defendants Quigley, Clayton, Strong, Dubble, Steinbach, Sziebert, Harris and McCabe.

///

## DISCUSSION

### Class Action Certification

Four plaintiffs, proceeding *pro se,* seek class certification in order to fairly adjudicate their claim. Dkt. 100 at 1-2. None of the four plaintiffs are attorneys and the motion for appointment of counsel (Dkt. 92) has been denied. *See* Dkt. 104.

To be certified as a class, plaintiffs must comply with Federal Rule of Civil Procedure 23(a), which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Because plaintiffs clearly fail to comply with the 4th test, the Court will only address that test in this order.

Plaintiffs, proceeding *pro se* and without counsel, are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). While *pro se* plaintiffs may appear on their own behalf, they may not appear as attorneys for others in a class action. *See Russell v. United* States, 308 F.2d 78, 79 (9th Cir. 1962) (holding that "a litigant appearing in propria persona has no authority to represent anyone other than himself"); *Spaan v. Mattingly*, 208 F.3d 222 (9th Cir. 2000) ("To the extent that Spaan brought claims on behalf of his children, the district court properly determined that Spaan cannot represent them because '[a] litigant appearing in propria persona has no authority to represent anyone other than himself.'") (*quoting Russell*, 308 F.2d at 79); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an

attorney for other persons in a purported class action); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); *Abel v. Alameda Cty.,* 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("*Pro se* prisoner plaintiffs may not bring class actions."); *Gjurovich v. California*, 2010 WL 4321604, at *3 (E.D. Cal. Oct. 26, 2010) ("Plaintiffs are laymen who could not proceed to represent others in a class action.") *Harris v. Spellman,* 150 F.R.D. 130, 132 n. 2 (N.D. Ill. 1993) ([L]aymen such as plaintiffs—who do have an absolute right to represent themselves individually—are not entitled to practice law by representing others.).

      Based on the foregoing, the Court finds that plaintiffs, who are not attorneys, are not qualified to represent the class. Plaintiffs have failed to show they meet the prerequisites for class action certification under Fed. R. Civ. P. 23(a)(4). Thus, plaintiff's request for class certification is denied without prejudice.

      Dated this 10th day of June, 2016.

J. Richard Creatura
United States Magistrate Judge