UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SMITH, et. al.,

             Plaintiffs,

    v.

STATE OF WASHINGTON, et. al.,

             Defendants.

CASE NO. C14-5974 RBL-JRC

ORDER DENYING JUDICIAL REVIEW OF REDACTED MATERIAL

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Presently pending before the Court is the plaintiffs' Motion for Judicial Review of Redacted Material ("Motion") filed on July 21, 2016. Dkt. 106. Defendants have opposed the Motion. Dkt. 110. The Court denies plaintiffs' Motion based on plaintiffs' failure to meet their burden to justify *in camera* review of the privileged documents.

BACKGROUND

Plaintiffs allege violations of their constitutional rights under the First, Eighth and Fourteenth Amendments. Dkt. 66 at 2. On December 17, 2015, the Court granted defendants' motion to dismiss as to all of plaintiffs' claims except their unreasonable exposure to

environmental tobacco smoke claim against defendants Quigley, Clayton, Strong, Dubble, Steinbach, Sziebert, Harris, and McCabe. Dkt. 87. Thus, this case is proceeding on plaintiffs' remaining claim: unreasonable exposure to environmental tobacco smoke against defendants Quigley, Clayton, Strong, Dubble, Steinbach, Sziebert, Harris and McCabe.

On June 29, 2016, plaintiffs mailed a letter to the Office of the Attorney General requesting to view unredacted versions of documents identified as being subject to attorney-client privilege or work product. Dkt. 110 at 1. On July 8, 2016 defense counsel responded with a letter denying plaintiffs' request. *Id*. Plaintiffs subsequently filed their request for in camera inspection of these documents to verify they fall within the attorney-client or work product privilege.

Plaintiffs request the Court "to review the redacted documents to determine if the information contained in those documents is strictly information protected under Attorney/Client Privilege." Dkt. 106 at 2. In support of their motion, plaintiffs argue:

> It was obvious after reviewing the discovery material that numerous administrators at SCC, many of them Defendants, were well aware of the hazards of second hand smoke. They were also aware of the health risks that exposure to ETS caused staff and residents long before the Plaintiffs filed this complaint. Their response or lack thereof demonstrates a callous indifference which make it extremely difficult to take all their statements at face value.

Dkt. 106 at 2.

Defendants assert that plaintiffs have failed to show any factual basis supporting in camera inspection of these documents and therefore the Court should deny the Motion. Dkt. 110. Defendants explain that they have provided the necessary information for a prima facie showing of privilege as well as information necessary to allow the plaintiffs to adequately assess the privilege claims. *Id.* at 2. Defendants provided a privilege log listing the Bates Number of the document, the date of the document, the type of document, who sent the document and to whom,

the subject line of the document, and the privilege asserted. *See* Dkt. 111 at 1; Dkt. 111-1. In addition to the privilege log, the produced documents themselves contain this same information in the un-redacted portions of the documents. Dkt. 111-2. Based on this, defendants contend that they have made a prima facie showing the subject documents are privileged and the burden shifts to the plaintiffs to justify in camera review. Dkt. 110.

## DISCUSSION

Once a party asserting the privilege makes a prima facie showing of privilege, the Court must engage in the two-stage *Zolin* test prior to ordering in camera review. *See United States v. Zolin,* 491 U.S. 554, 572 (1989).

The *Zolin* court held, in pertinent part:

> (b) However, before a district court may engage in *in camera* review at the request of the party opposing the privilege, that party must present evidence sufficient to support a reasonable belief that such review may reveal evidence that establishes the exception's applicability. Once this threshold showing is made, the decision whether to engage in in camera review rests in the sound discretion of the court. Pp. 2630–2631.
>
> (c) The party opposing the privilege may use any relevant nonprivileged evidence, lawfully obtained, to meet the threshold showing, even if its evidence is not "independent" of the contested communications as the Court of Appeals uses that term. Pp. 2631–2632.

*Zolin,* 491 U.S. at 555.

The Ninth Circuit explained in *In re Grand Jury Investigation* that the use of the *Zolin* process was appropriate for challenges to privileged materials in civil cases. *In re Grand Jury Investigation,* 974 F.2d 1068, 1074 (9th Cir. 1992).

Other than a generalized distrust of the state privilege log and redacted documents provided to them, plaintiffs have failed to meet their burden of showing that an *in camera* review of privileged documents is justified. Plaintiffs have not provided any relevant nonprivileged

1 | evidence in opposing the privilege asserted by defendants. The Court has reviewed the privilege
2 | log and redacted documents attached to defendants' response. Dkts 111-1, 111-2. These
3 | documents do not reveal any attempt to assert privilege over non-privileged documents.
4 | Therefore, the Court, in its exercise of discretion, declines to conduct the requested in camera
5 | review.

6 | Dated this 7th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge