UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SMITH, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et. al.<br><br>Defendants. | CASE NO. C14-5974 RBL-JRC<br><br>ORDER DENYING MOTION FOR IMPOSITION OF SANCTIONS |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Presently pending before the Court is the plaintiffs' Motion for Imposition of Sanctions ("Motion") filed on July 27, 2016. Dkt. 109. Defendants have opposed the Motion. Dkt. 113. The Court, in its discretion, denies plaintiffs' Motion without prejudice because plaintiffs have failed to demonstrate that they have complied with the "meet and confer" requirements of attempting to resolve discovery disputes with defendants without court intervention.

1   Plaintiffs contend that defendants have provided plaintiffs with excessive discovery by
2   providing nonresponsive documents. Dkt. 109 at 13. Plaintiffs next allege that defendants and
3   defendants' attorneys intentionally withheld responsive documents. Dkt. 109 at 13. Plaintiffs
4   have additionally requested sanctions because the defendants' third supplemental response
5   initially failed to contain the "Statement of Attorney" and certificate of service, as well as the
6   brief confusion regarding who the boxes were directed to. *Id.* On July 19, 2016, four boxes, one
7   for each plaintiff, were provided to the Mailroom at the SCC. *Id*. at 3. Initially, the SCC
8   Mailroom mistakenly gave all four boxes to plaintiff Kent. *Id*. Finally, plaintiffs complain that
9   some of the documents were in small font and difficult to read. *Id*. at 2.

10   Defendants assert that at no time prior to or since filing this motion for sanctions have
11   plaintiffs attempted to meet and confer with defendants to resolve any issues arising in
12   discovery. Dkt. 113 at 2. Further, some of the errors, i.e., lack of signatures, boxes not delivered
13   to each plaintiff, were quickly corrected when discovered. *Id*. Defendants maintain that their
14   attorneys have acted in good faith throughout the discovery process and have engaged in none of
15   the discovery violations alleged by plaintiffs. *Id*. at 1. Defendants request that the Court deny
16   plaintiffs' motion for sanctions. *Id*. Filing any motion to compel discovery requires the party
17   filing the motion to comply with Local Civil Rule 37((a):

18   **(a) Motion for Order Compelling Disclosure or Discovery**
(1) *Meet and Confer Requirement.* Any motion for an order compelling disclosure or
19   discovery must include a certification, in the motion or in a declaration or affidavit, that
the movant has in good faith conferred or attempted to confer with the person or party
20   failing to make disclosure or discovery in an effort to resolve the dispute without court
action. The certification must list the date, manner, and participants to the conference. If
21   the movant fails to include such a certification, the court may deny the motion without
addressing the merits of the dispute. A good faith effort to confer with a party or person
22   not making a disclosure or discovery requires a face-to-face meeting or a telephone
conference. If the court finds that counsel for any party, or a party proceeding pro se,
23   willfully refused to confer, failed to confer in good faith, or failed to respond on a timely
basis to a request to confer, the court may take action as stated in CR 11 of these rules.

24

Local Civil Rule 1(c)(6) defines meet and confer as follows:

> (6) "Meet and Confer" means a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement. The court expects a high degree of professionalism and collegiality among counsel during any meet and confer conference.

Generally, sanctions will not be granted until and unless a party violates a discovery order compelling discovery and, therefore, after the parties have met and attempted to resolve discovery disputes without court intervention.

"The inherent powers of federal courts are those which 'are necessary to the exercise of all others,'" and include "the 'well-acknowledged' inherent power ... to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980) (*quoting United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812)). The Court finds that plaintiffs have not provided grounds sufficient to impose sanctions at this time. First, plaintiffs have not demonstrated that they met and conferred in an attempt to resolve these discovery-related issues. Second, at least some of the errors were quickly corrected after brought to defendants' attention. For instance, the boxes containing the third supplemental response were properly provided to each plaintiff upon discovery of the error. That is the way discovery disputes are suppose to be resolved and does not constitute sufficient grounds for imposition of sanctions.

The Court reminds all parties that responding to discovery must be reasonable. Providing documents in tiny font, providing multiple copies of the same documents, and scattering relevant documents among numerous irrelevant documents is not reasonable. The parties are encouraged to meet and confer in good faith in an attempt to resolve or narrow the issues presented in such discovery-related motions. If after meeting and conferring the parties are still unable to resolve the disputes, the Court is always available to do so for them.

Finally, the parties are also warned that any violations of discovery rules, Orders or the Local Rules may result in the imposition of sanctions on whomever the Court finds to be violating these rules and orders

Accordingly, plaintiffs' Motion (Dkt. 109) is denied without prejudice.

Dated this 8th day of September, 2016.

_____
J. Richard Creatura
United States Magistrate Judge