UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SMITH, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　Defendants. | CASE NO. 3:14-CV-05974-RBL-JRC<br><br>ORDER |

Before the Court are plaintiffs' (1) second motion for extension of the discovery deadline (Dkt. 129) and (2) third motion for appointment of counsel (Dkt. 132). The Court finds that the motion for extension of the discovery deadline should be granted in part and denied in part. Plaintiffs have shown good cause to extend the discovery deadline for the limited purpose of conducting depositions. Plaintiffs' motion for appointment of counsel is denied.

## DISCUSSION

**1. Second Motion for Extension of the Discovery Deadline (Dkt. 129)**

Plaintiffs seek an extension of the discovery deadline until August 30, 2017 and dispositive motions to November 30, 2017. Dkts. 129, 134 (reply). A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence

of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

The discovery deadline was originally set for July 28, 2016. Dkt. 91. Plaintiffs requested an extension of the discovery deadline. Dkts. 107, 120. Defendants did not oppose the request, but asked that the extension be limited to 90 days. Dkt. 112. The Court granted an extension until January 3, 2017. Dkt. 120. As of November 15, 2016, defendants served plaintiffs with 7,000 pages of responsive documents and a privilege log. Dkt. 129 at 2.

Plaintiffs now seek a second extension of the discovery deadline. Dkt. 129. Plaintiffs allege that depositions need to be scheduled and arrangements must be made with the SCC to use the Visiting Room. *Id.* at 5. Plaintiffs allege that it will take a lot of logistical planning to interview all 106 witnesses. *Id.* at 6. Plaintiffs also state that information obtained from recent discovery revealed the culpability of several individuals that were unknown to plaintiffs. *Id.* at 1-2. Plaintiffs allege that they sent the Special Commitment Center ("SCC") Legal Coordinator a letter on July 1, 2016, outlining the challenges that plaintiffs faced in conducting depositions, notably the fact that recording devices are not permitted at SCC. *Id.* at 2. Plaintiffs do not state when, or if, they received a response from the SCC Legal Coordinator. *See* Dkt. 129.

On September 13, 2016, plaintiffs sent a letter to the counsel for defendants, Assistant Attorney General ("AAG") Craig Mingay, outlining the challenges in conducting depositions. *Id.* at 3. Plaintiffs state that they had to remind counsel that the request for production of documents had not been produced. *Id.* at 3 (Request was submitted on April 18, 2016 and was not received until October 24, 2016). On September 27, 2016, plaintiffs sent counsel a second letter, expressing concern about the delay of discovery documents and reiterated the problems in

conducting depositions. *Id.* AAG Mingay responded to plaintiffs' second letter, and set up a meeting on November 1, 2016. *Id.* Plaintiffs contend that AAG Mingay told plaintiffs that they could submit an exceptions request to the SCC to permit use of recording devices. *Id.* at 4. Plaintiffs state that AAG Mingay also suggested that another meeting could be held in thirty days and plaintiffs could submit a list of witnesses for AAG Mingay's approval. *Id.* Plaintiffs also state that they contacted SCC Program Manager Al Nerio about the exceptions process to allow a recording device and Mr. Nerio responded that it would take approximately one month to obtain a recording device. Dkt. 129 at 5.

In response, defendants submit the declaration of defense counsel, AAG Mingay. Dkt. 131. Defendants respond that when plaintiffs raise discovery issues, the issues have been promptly resolved. Dkt. 130 at 4. Specifically, defendants state that once they were aware that plaintiffs had not received a discovery request directed at defendant Quigley, they remedied the error. *Id.* at 3 fn. 1. AAG Mingay declares that he explained that in the past, SCC defendants have been able to reach agreements where defendants agreed to make the arrangements for depositions including scheduling, supplies, and an offer to swear in witnesses, if the parties could reach an agreement regarding the number of depositions. Dkt. 131 at ¶ 5. However, counsel for defendants explained that they were not responsible for making arrangements for 106 witnesses or providing copy machines inside SCC living quarters, recording devices, or ink cartridges to complete the depositions. *Id.* at ¶ 4. On November 14, 2016, counsel for defendants received a letter from plaintiffs reiterating their demands and included a list of 106 witnesses. *Id.* at ¶ 6.

While plaintiffs did send a letter to the SCC Legal Coordinator regarding their depositions in July 2016, the parties did not participate in the conference until November 2016. During this conference, plaintiffs were advised that defendants would make arrangements for depositions, as long as the parties could agree as to the number of depositions. The Court also understands that there were outstanding discovery requests between the parties for several

ORDER - 3

months. Less than a month after obtaining the discovery documents, plaintiff filed their motion for extension.

In light of the foregoing, the Court finds that plaintiffs have shown good cause for allowing limited additional discovery. Moreover, the Court finds that defendants will not suffer prejudice as they have been on notice of plaintiffs' intent to take depositions since September 2016. However, the Court notes that discovery has not progressed sufficiently, although it is not completely clear to the Court who is principally to blame for this lack of progress. One thing is clear to the Court. The Court will not authorize 106 depositions in this case.

Therefore, the Court grants plaintiffs' motion for the limited purpose of taking ten depositions. The discovery deadline will be extended to April 3, 2017 and dispositive motions will be due May 3, 2017. Plaintiffs may decide which witnesses they wish to depose and shall properly subpoena those deponents and work with defendants to set the deposition(s) as soon as possible. Defendants will cooperate with reasonable efforts to complete these depositions. Both parties are required to meet and confer to resolve any issues. If either party believes that the other party is not proceeding to complete these depositions in good faith, then the aggrieved party can call chambers and arrange for a telephonic status conference with the Court. [(253) 882-3780]. The Court reserves the right to impose sanctions on any party who fails to comply in good faith with this Order.

If plaintiffs show good cause for additional depositions, the Court will consider it upon motion. Plaintiffs are advised, however, that additional requests to extend will not be viewed favorably. So, any additional depositions should be completed within the current timeframes.

**2. Third Motion to Appoint Counsel (Dkt. 132)**

Before the Court is plaintiffs' third motion to appoint counsel. Dkt. 132. Plaintiffs state that they have encountered obstacles throughout discovery including scheduling depositions. *Id.* at 1. Plaintiffs also allege that they have recently obtained information that revealed the culpability of several other individuals. *Id.* Plaintiffs contend that they are housed at McNeil

Island, and unable to leave the facility to conduct depositions. *Id.* Plaintiffs also allege that the likelihood of success on the merits is supported by the closure of the "smoking pads" and the establishment of designated smoking areas after the complaint was filed, as well as emails that acknowledge that there were problems with tobacco smoke before this lawsuit was filed. *Id.* at 7.

Defendants oppose plaintiffs' motion for appointment of counsel stating that this is plaintiff's third such motion, and that plaintiff has failed to show a likelihood of success on the merits and that the legal issues are not complex. Dkt. 133. Defendants argue that plaintiffs fail to show that they have an insufficient grasp of the legal issues involved in this case or an inadequate ability to articulate the factual basis of his claim as plaintiffs have filed several lengthy and detailed complaints as well as filed and opposed various motions through the course of litigation. Dkt. 133 at 3-4.

There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Based on the allegations in plaintiffs' complaint, this case does not involve complex facts or law. And despite plaintiffs' arguments otherwise, they appear able to articulate their claims *pro se* in light of the complexity of the legal issues involved, as evidenced by the fact that plaintiffs have filed several amended complaints and motions, and plaintiffs have opposed

1  defendants' motions.  *See* Dkt. Plaintiffs have not presented any new information that
2  demonstrates any exceptional circumstances justifying the appointment of counsel.  While
3  plaintiffs' claims may have merit, it is not possible to determine plaintiffs' likelihood of success
4  at this point in the litigation. Accordingly, exceptional circumstances do not exist and plaintiffs'
5  third motion to appoint counsel is denied.

6       The Court warns plaintiffs that further motions for appointment of counsel, without
7  justification, may result in sanctions.

8       Dated this 29th day of December, 2016.

                                                J. Richard Creatura
                                                United States Magistrate Judge