UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE, GEORGE MITCHELL, DARREN PERKINS, DARRELL KENT,

Plaintiffs,

v.

STATE OF WASHINGTON et al.,

Defendants.

CASE NO. 3:14-CV-05974-RBL-JRC

ORDER

On March 8, 2017, the Court held a telephone conference with the parties to discuss outstanding discovery issues. The parties concerns were addressed and the Court granted in part, and denied in part, defendants' motion for protective order (Dkt. 138), as outlined below.

**A. Background**

On December 29, 2016, the Court ordered that the discovery deadline be extended to April 3, 2017 and dispositive motion deadline to May 3, 2017. Dkt. 136. The Court limited additional discovery to 10 depositions. *Id.* The parties were ordered to meet and confer to resolve

ORDER - 1

issues and defendants were ordered to cooperate with reasonable efforts to complete the depositions. *Id.*

To date, no depositions have occurred. Plaintiffs received the Court's order on January 5, 2017. Dkt. 145 at 2. On January 11, 2017, plaintiffs sent AAG Mingay a letter asking to discuss scheduling depositions. Dkt. 145 at 2; Dkt. 145-1 at 3. On January 25, 2017, plaintiffs sent a second letter suggesting deposition dates and times, and offered means by which the depositions could be conducted to avoid logistical issues. Dkt. 145 at 2; Dkt. 145-1 at 5. On January 27, 2017, plaintiffs received a letter from AAG Jette that plaintiffs may call defense counsel to discuss any issues. Dkt. 145 at 2; Dkt. 145-1 at 4. Plaintiffs note that they are not able to schedule telephone conferences and the standard procedure is that attorneys call the SCC legal coordinator who arranges for a telephone conference. Dkt. 145 at 2. Plaintiffs state that they agreed to a telephonic deposition of defendant Quigley and expressed flexibility as to the deposition dates for the remaining defendants. *Id.*

On February 3, 2017, plaintiffs received a letter from AAG Jette, scheduling a phone conference on February 9, 2017. *Id.* at 3; Dkt. 145-1 at 7. On February 9, 2017, the parties conferred on the phone, but were unable to reach a resolution regarding the outstanding discovery issues. Dkt. 145 at 2; Dkt. 139 at 2 (Declaration of Craig Mingay). Counsel for defendant did not promptly file for a protective order, despite his representation that he intended to do so.

On February 27, 2017, plaintiffs contacted chambers and requested a telephonic status conference. *See* Dkt. entry dated February 27, 2017. On February 28, 2017, defendants finally filed their motion for a protective order and telephonic depositions. Dkt. 138. Defendants submitted the declarations of Craig Mingay, Kathryn Stadler, and Shannon Gill in support of

their motion. Dkts. 139, 140, 141. On March 1, 2017, the Court set a telephonic status conference for March 8, 2017 as to any outstanding discovery issues. Dkt. 142. On March 6, 2017, plaintiffs filed a response to defendants' motion for protective order. Dkt. 145.

**B. Motion for Protective Order**

Defendants move the Court to issue a protective order: 1) precluding the unnecessary depositions of Kevin Quigley and John Clayton; 2) ordering telephonic depositions for the remaining defendants who are no longer employed by the SCC and; 3) protecting defendants from providing security camera footage that would compromise security at the SCC. Dkt. 138. Plaintiffs filed a response. Dkt. 145.

Plaintiffs seek to depose the following, who are all named defendants in this case: Kevin Quigley, John Clayton, Crystal McCabe (Hauk), Richard Steinbach, Todd Dubble, Leslie Sziebert, Cathi Harris, and Mark Strong. Dkt. 145.

To receive a protective order, a party must certify that he has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and that absent the protective order, he will suffer "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden of proof is on the party seeking the order. *See Beckman Indus. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992). Fed. R. Civ. P. 30(b)(4) authorizes the Court to require that a deposition be conducted telephonically.

In the March 8, 2017 telephonic status conference, Judge Creatura ordered as follows:

(1) The deposition of defendant Quigley shall be conducted by telephone, and must be no longer than one hour.

(2) The deposition of defendant Clayton shall be conducted by telephone, and must be no longer than two hours.

(3) The deposition of defendant Steinbach shall be conducted by telephone, as agreed by the parties.

(4) The deposition of defendant McCabe shall be conducted in-person at the Special Commitment Center ("SCC"), as agreed by the parties.

(5) The deposition of defendant Strong shall be conducted in-person at the SCC.

(6) The deposition of defendant Sziebert shall be conducted in-person at the SCC.

(7) The depositions of defendants Dubble and Harris shall be conducted by video conference if arrangements can be made by defendants for such a video deposition. If video conferencing capabilities are not available to the parties, the depositions of defendants Dubble and Harris shall be conducted in-person at the SCC.

(8) Defendants are required to provide plaintiffs with a reasonable opportunity to view the video surveillance in question under supervision. If no video exists, defendants are directed to provide such information to plaintiffs.

(9) At this time, the Court is not extending the discovery cut-off date of April 3, 2017.

(10) In conformity with the parties' agreement on procedure for these depositions, and with minor modifications by this Court, the parties shall conduct the depositions by non-stenographic means, as set forth below:

    a. Defendants shall make available an individual authorized to administer the oath and swear in the witness. That individual may then vacate the deposition, but shall remain responsible for taking custody of any exhibits marked for use at the deposition.

1       b. The Special Commitment Center shall record the deposition and transfer the
2          recording to the Special Commitment Center IT Division, who shall copy the
3          deposition recording onto six (6) CDs. The IT Division shall provide: (1) one
4          CD to each Plaintiff (4 total); (2) one CD to AAG Craig Mingay, and (3) one
5          CD shall be appropriately labeled, sealed in an envelope, and provided to
6          AAG Craig Mingay to retain for the Court ("Original Recording"). Except as
7          otherwise provided in this order, the Original Recording shall not be filed with
8          the Court.

9       c. Plaintiffs will deliver to defense counsel, AAG Mingay, a typed deposition
10         transcript within thirty (30) days of the date of the deposition. Defense
11         counsel will verify the accuracy of the transcription and then will deliver the
12         transcript to the deponent, who will be given thirty (30) days to read the
13         transcription and make any corrections. Upon receipt of the corrected
14         transcript from the deponent, plaintiffs shall incorporate the corrections into a
15         final copy of the transcript ("final transcript") and provide a copy of the final
16         transcript to defendants' counsel within seven (7) days.

17       d. Any objection to the accuracy of the final transcript shall be made to the Court
18         by motion within thirty (30) days after plaintiffs have delivered a copy of the
19         final transcript to defendants' counsel, unless good cause is shown for
20         additional time.

21       e. If the deponent or any defendant files an objection to the accuracy of the final
22         transcript, the defendants shall attach the Original Recording to their motion
23         as an exhibit. If plaintiffs file an objection to the accuracy of the final
24

1       transcript, defendants shall attach the Original Recording to their responsive

2       briefing as an exhibit.  The Court shall rule on any objections by reviewing

3       the Original Recording or by such means as it deems appropriate.

4   f.  The final transcript of the deposition, as filed with the Court or the transcript

5       as modified by the Court after objections, if any, have been made and ruled

6       upon, shall constitute the official record of the deposition for the purpose of

7       dispositive motions, trial, or subsequent appeal.

8   g.  Should the equipment fail so that portions of the recording are of such poor

9       quality as to render the use of the recording unfair to the interest of any party,

10      then neither party shall use any part of the recording.

11  h.  For in-person depositions, defendants shall provide an appropriate room in the

12      SCC to conduct the deposition.

13  i.  For telephone and/or video depositions (if arrangements can be made),

14      defendants shall provide an appropriate room in the SCC to conduct the

15      deposition with a telephone and/or camera that permits plaintiffs to hear

16      and/or see the testimony of the deponent. Prior to the telephone and/or video

17      deposition, plaintiffs shall provide defense counsel with any documents that

18      they intend to refer to during the course of the deposition, and defense counsel

19      shall provide such documents to the deponent. Any documents or exhibits

20      shall be taken into custody of the individual administering the oath at the

21      conclusion of the deposition. If that individual has vacated the deposition, the

22

//

23

24

parties should make appropriate arrangements for delivery of the exhibits to that individual.

Dated this 9th day of March, 2017.

J. Richard Creatura
United States Magistrate Judge