UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVINE MALONE, et al.

        Plaintiffs,

v.

STATE OF WASHINGTON et al.,

        Defendants.

CASE NO. 14-cv-05974 RBL-JRC

ORDER

Before the Court are plaintiffs' motion for sanctions (Dkt. 152) and motion for substitution (Dkt. 153). For the reasons set forth herein, the Court finds that both motions are denied.

**BACKGROUND**

On March 9, 2017, the undersigned ordered that plaintiffs' motion to compel be granted, and that plaintiffs be allowed to depose eight defendants. Dkt. 146. On March 15, 2017, the parties conferred to discuss scheduling the depositions. Dkt. 155, Declaration of Craig Mingay.

1.  **Motion for Sanctions (Dkt. 152)**

Plaintiffs ask that the Court enter sanctions because defendant Sziebert failed to appear for a deposition, failed to notify plaintiffs or defense counsel prior to cancelling a deposition, and failed to provide a reason for cancelling the deposition. Dkt. 152. Plaintiffs ask that the Court enter sanctions against defendant Quigley based on an alleged pattern of delays, which necessitated extensions of the discovery timeline. *Id*. Plaintiffs ask the Court to determine the appropriate sanctions at the Court's discretion. *Id*.

In response, defendants provide the declaration of counsel Craig Mingay and Gregory Ziser. Dkts. 155, 156. Mr. Mingay states that after the March 15, 2017 conference with plaintiffs, counsel for defendants began scheduling the depositions. Dkt. 155 at ¶ 5. Mr. Mingay worked with the Special Commitment Center ("SCC") to make arrangements for a room and recording equipment, and that staff qualified to administer the oath were available. *Id.*

On March 17, 2017, Mr. Mingay discussed scheduling a deposition with defendant Sziebert, who at the time, was out on annual leave. *Id.* Defendant Sziebert requested that the deposition be scheduled after his return from leave, on April 11, 2017. *Id.* Mr. Mingay did not provide written confirmation of the deposition to defendant Sziebert. *Id.* Defendant Sziebert failed to attend the deposition on April 11, 2017, and according to Mr. Mingay, due to defendant Sziebert's leave schedule, recent change in job duties, and recent surgery, defendant Sziebert did not recall that the deposition had been scheduled. *Id.* On April 11, 2017, the parties conferred and agreed to reschedule defendant Sziebert's deposition for April 21, 2017. *Id.* at ¶ 8. The parties then agreed to extend the discovery deadline to August 31, 2017. *Id.*

According to Mr. Mingay, counsel for defendants sent a letter to defendant Quigley to schedule the deposition. *Id.* at ¶ 5. After defendant Quigley failed to respond to the letter, Mr.

Mingay called defendant Quigley to set up the deposition. *Id.* at ¶ 7. Mr. Mingay did not hear back from defendant Quigley, and followed up with an email. *Id.* On March 6, 2017, Mr. Mingay received an e-mail response from defendant Quigley, indicating that defendant Quigley was out of the country and would not be returning until May 3, 2017 and that defendant Quigley did not have reliable communications while traveling. *Id.* As of the date of this Order, neither party has updated the Court as to whether defendant Quigley's deposition was conducted after May 3, 2017.

Rule 37(b)(2)(A) provides the Court with the power to issue such sanction orders as are "just" when a party has failed to comply with discovery orders. Such sanctions may include, inter alia, an order that the subject matter of the discovery shall be taken to be established in accordance with the party's defense, or that the party may not support or oppose designated claims or defenses or introduce designated matters into evidence, or dismissing the action in whole or in part, or finding the party to be in contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also Roadway Express v. Piper*, 447 U.S. 752, 763 (1980). If the sanction ordered is less than dismissal, the party's noncompliance need not be proven to be willful or in bad faith. *See, e.g., Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 843–44 (9th Cir. 1976).

There is no factual or legal basis for a finding that defendants Sziebert or Quigley have failed to comply with this Court's discovery order or that they have engaged in any willful or bad faith. Defendants provide sworn testimony that defendant Sziebert did not recall the scheduled deposition, which was rescheduled and completed on April 21, 2017. The delay in defendant Quigley's deposition is due to defendant Quigley's international travel. Plaintiffs have not presented any evidence that defendants intentionally failed to respond to discovery or conduct

the depositions. None of the circumstances here warrant the entry of sanctions against defendants. Accordingly, plaintiff's motion for sanctions (Dkt. 152) is denied.

2. **Motion to Substitute (Dkt. 153)**

Plaintiffs also filed a motion to substitute. Dkt. 153. Plaintiffs cite as support for this motion Federal Rule of Civil Procedure 25(d). *See id.* Defendants filed a response. Dkt. 157.

Federal Rule of Civil Procedure 25(d) gives a plaintiff the ability to substitute a public officer if the named defendant dies or otherwise ceases to hold office. Fed. R. Civ. P. 25(d). Plaintiffs now attempt to add additional defendant William Van Hook in both his personal and official capacity as the new CEO of the SCC. Dkt. 153.

Pursuant to Rule 25(d), Mr. Van Hook's substitution for previous CEO, Mark Strong, is automatic. Thus, to the extent that plaintiffs' motion to substitute seeks to replace Mark Strong with William Van Hook as the SCC CEO, sued in his official capacity, plaintiffs' motion to substitute is granted.

However, to the extent that plaintiffs seek to add new claims against Mr. Van Hook in his personal capacity, the Court will not accept an amendment in this form and plaintiffs' request is denied. If plaintiffs seek to add personal capacity claims against Mr. Van Hook, they must file a motion for leave to amend their complaint.

Dated this 31st day of May, 2017.

J. Richard Creatura
United States Magistrate Judge