UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE, *et al.*,

    Plaintiffs,

v.

KEVIN W. QUIGLEY, *et al*.,

    Defendants.

CASE NO. 3:14-cv-05974 RBL-JRC

ORDER DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL AND GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND SCHEDULING ORDER

    The District Court has referred this matter to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4.

    The Court previously granted defendants' motion for summary judgment dismissal of this matter brought under 42 U.S.C. § 1983 by civil detainees at the Special Commitment Center ("SCC") for exposure to environmental tobacco smoke ("ETS"). That decision has been vacated and remanded to the Court by the Ninth Circuit. The matter is now before the Court on plaintiffs' motions for the appointment of counsel, for an extension of time in which to respond to defendants' latest summary judgment motion, and for a scheduling order. *See* Dkts. 193, 196.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court grants plaintiffs' motion for the appointment of counsel, contingent on the identification of counsel willing to represent plaintiffs *pro bono* in this matter. The Court also grants in part and denies in part the motion for an extension and scheduling order.

**BACKGROUND**

In July 2019, the Ninth Circuit issued a memorandum opinion vacating this Court's grant of summary judgment in defendants' favor and remanding for further proceedings. *See* Dkt. 188, at 2–3. In its memorandum opinion, the Ninth Circuit counseled that "[a]s the issues presented in this case are novel and non-frivolous, the district court should seriously consider appointing counsel on remand." Dkt. 188, at 6. In the Court's order granting defendants' summary judgment motion on plaintiff's remaining claim (regarding ETS at the SCC), the Court had found that the ETS exposure was not unreasonable or in violation of contemporary standards of decency, that plaintiffs had not provided evidence of their likelihood of future harm, and that plaintiffs did not establish that defendants acted with deliberate indifference. *See* Dkt. 178, at 8–10; Dkt. 181. The Ninth Circuit reversed these rulings on the basis that the Court (1) should have applied a more protective standard than "contemporary standards of decency" to plaintiffs' claim and (2) should not have analyzed deliberate indifference using a "subjective awareness" inquiry. *See* Dkt 188. The Ninth Circuit specifically stated that "it was error to apply the less generous Eighth Amendment standard to the plaintiffs' claim." Dkt. 188, at 6.

Within a week of the Ninth Circuit's mandate, defendants again filed a summary judgment motion. *See* Dkt. 191. Plaintiffs then filed the pending motion for the appointment of counsel and motion for an extension of time in which to respond to the summary judgment

motion and for a scheduling order. *See* Dkts. 193, 196. This Court re-noted defendants' summary judgment motion for later, as the existing deadlines forced plaintiffs to choose between filing a summary judgment response without the benefit of a ruling on their extension and counsel motions or failing to comply with Local Civil Rule 7(j) ("[p]arties should not assume that the motion [for an extension] will be granted and must comply with the existing deadline unless the court orders otherwise.").

Defendants have filed responses to plaintiff's motions for counsel and an extension, and these matters are ripe for decision. *See* Dkts. 199, 200.

**DISCUSSION**

**I. Appointment of Counsel**

Plaintiffs request the appointment of counsel to represent them and argue that they have established the exceptional circumstances that justify appointing counsel. *See* Dkt. 193. Defendants oppose the request. *See* Dkt. 199.

Although there is no right to counsel in a civil action, 28 U.S.C. § 1915(e)(1) authorizes this Court to "request an attorney to represent any person unable to afford counsel." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To appoint counsel for indigent civil litigants under this provision, there must be "exceptional circumstances." *See id.* "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

1     Plaintiffs assert that they cannot afford an attorney—an assertion that defendants do not appear to contest. *See* Dkt. 199. Plaintiffs obtained permission to proceed *in forma pauperis* before the Ninth Circuit. *See* Dkt. 186. They have also submitted declarations stating that they have limited means and do not have significant employment income. *See* Dkts. 95–98. Thus the Court finds that plaintiffs cannot afford private counsel.

    Regarding whether plaintiffs have shown a likelihood of success on the merits, defendants argue that plaintiffs have not met their burden to establish a likelihood of success on the merits because defendants "are entitled to qualified immunity." Dkt. 199, at 3. They refer to their arguments in support of summary judgment. *See* Dkt. 199, at 3 n.1.

    However, addressing the merits of defendants' summary judgment motion arguments is not appropriate at this time. Rather, at this point, the appropriate consideration is whether there is a "likelihood" that plaintiffs could succeed on the merits—not whether the Court agrees with defendants' summary judgment arguments. A "likelihood" does not mean that success is certain—or even probable. Rather, the Ninth Circuit has equated a "likelihood of success" with "possible merit." *See Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 925 (2017) (remanding for the appointment of counsel on the basis of, among other things, "possible merit" of plaintiff's claims); *see also Solis v. Cty. of L.A.*, 514 F.3d 946, 958 (9th Cir. 2008) ("there may well be merit to [plaintiff's] claims").

    Here, there certainly does appear to be possible merit to plaintiffs' claims—this matter has already proceeded to summary judgment, and, on appeal, the Ninth Circuit reversed the Court's order granting summary judgment in defendants' favor. *See* Dkt. 188. The Court notes that although the undersigned has denied counsel three times in this matter before the appeal (*see* Dkts. 67, 104, 136), in doing so, among other considerations, the Court noted that these motions

1 were brought at stages of the litigation where it was "not possible to determine plaintiffs'
2 likelihood of success." *See* Dkt. 136, at 6. In view of the Ninth Circuit's remand, circumstances
3 have somewhat changed. Plaintiffs have established at least a likelihood of success on the
4 merits.

Regarding their ability to articulate their claims *pro se* in light of the complexity of the issues involved, plaintiffs argue that the length of the record and proceedings in this case, the lack of resources at the SCC (including reliable internet, word processor, or telephone access), the complexity of the issues, and their limited legal experience require appointing counsel. *See* Dkt. 193, at 2–3; Dkt. 195, at 4. In response, defendants point to three prior rulings denying counsel in this matter, plaintiffs' ability to successfully litigate the matter so far, and the "simplifie[d]" questions presented on remand. *See* Dkt. 199, at 8.

Of course, circumstances common to most *pro se* litigants—like limited legal experience and resources—will not generally constitute the exceptional circumstances necessary for the appointment of counsel. *See* Dkt. 104, at 4. On the other hand, an ability to articulate simple issues is not dispositive of the request for counsel, either. Rather, the Court must look to a *pro se* plaintiff's ability to articulate the issues in light of the complexity of the legal issues involved.

Here, plaintiffs argued throughout the proceedings in this Court that the standard used for an Eighth Amendment cruel and unusual punishment claim was violated. *See, e.g.*, Dkt. 179, at 4–6 (objections to report and recommendation on summary judgment motion). This is the very standard that the Ninth Circuit has called into question in this scenario. *See* Dkt. 188, at 3. And, defendants point out that the Ninth Circuit's ruling "appears to mark the first instance in which the Ninth Circuit (or any district court therein) has sanctioned a standard other than *Helling*'s[1]

---

[1] *Helling v. McKinney*, 509 U.S. 25 (1993).

ORDER DIRECTING PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL AND
GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND
SCHEDULING ORDER - 5

1 deliberate indifference test in respect to an ETS claim, regardless of the detention status of the

2 plaintiff." Dkt. 199, at 5. Indeed, the Ninth Circuit itself recommended seriously considering

3 appointing counsel in view of the "novel and non-frivolous" issues posed. *See* Dkt. 188, at 6.

4 Because responding to the summary judgment motion will require addressing issues that

5 have somewhat changed from those briefed by plaintiffs throughout these proceedings in this

6 Court and will require analyzing novel legal questions and responding to a qualified immunity

7 defense, the Court finds that the issues at this stage in the proceeding are sufficiently complex to

8 support the appointment of *pro bono* counsel for plaintiffs.

**II. Motion for Extension and Scheduling Order**

Plaintiffs request an extension of time in which to respond to the summary judgment motion until the Court has ruled upon their motion for the appointment of counsel. Dkt. 196, at 2.. Their request is granted—the Court will remove the summary judgment motion from the Court's calendar until it has determined whether *pro bono* counsel can be identified and appointed to represent plaintiffs.

Plaintiffs additionally request that the Court issue a scheduling order in this matter. Dkt. 196, at 2. The request is denied, at present. The Court will issue an appropriate scheduling order once it has determined whether counsel can be identified and appointed to represent plaintiffs.

**III. Directions to Clerk and Conclusion**

The motion to appoint counsel (Dkt. 193) is granted, contingent on the identification of counsel willing to represent plaintiff in this matter. The Western District of Washington's *pro bono* coordinator is directed to identify counsel to represent plaintiff, in accordance with the Court's General Order 10-05 ("IN RE: Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 4. Once it has been determined whether the Court will be able

to appoint an attorney to represent plaintiffs, the Court will issue appropriate orders, including setting and extending deadlines.

The motion for an extension and scheduling order (Dkt. 196) is granted in part and denied in part. The Clerk is directed to remove defendants' motion (Dkt. 191) from the Court's calendar at this time. After it is determined whether counsel can be appointed to represent plaintiffs, the Court will issue an appropriate scheduling order and will place the summary judgment motion (Dkt. 191) back on the calendar for consideration.

Dated this 23rd day of October, 2019.

J. Richard Creatura
United States Magistrate Judge