HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SMITH, | CASE NO. C14-5974RBL-JRC |
| Plaintiff, | ORDER DENYING OBJECTION TO MAGISTRATE JUDGE RULING |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant. | |

THIS MATTER is before the Court on the Defendants' Objections [Dkt. # 202] to Magistrate Judge Creatura's Order [Dkt. # 201] appointing pro bono counsel in this matter, after the Ninth Circuit's remand [Dkt. # 188]. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(C).

Defendants argue that the Court has correctly and consistently declined to appoint counsel for the pro se SCC residents in this "second hand smoke" litigation. They argue that the Ninth Circuit's remand for consideration of the case under the Fourteenth Amendment's objective unreasonableness standard (rather than the Eighth's deliberate indifference standard) does not alter the requirement that the Residents demonstrate a likelihood of success on the merits in order to obtain court-appointed counsel. They emphasize that the Residents are required to show harm under either standard, and they have not done so.

ORDER DENYING OBJECTION TO
MAGISTRATE JUDGE RULING - 1

1    Defendants reiterate that they have a pending motion for summary judgment on qualified
2 immunity, and delaying consideration of that motion while the Residents' new attorney gets up
3 to speed on the case will needlessly prolong this litigation. The Ninth Circuit directed the Court
4 to "seriously consider" appointing counsel on remand.

   No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

   The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

   This Court already dismissed the case, and was reversed, with a clear instruction to consider, for the fourth time, whether the Residents should have an attorney. Ninth Circuit memorandum opinions are often more cryptic than this Court would prefer, but the message in this one is clear. The fact that the Court's dismissal of the case was reversed with such an instruction is alone a significant difference between this motion for counsel and the prior three.

   The defendants qualified immunity argument (based on the "post hoc adoption" of the more forgiving *Castro* standard) appears to have merit. But the arguments surrounding it are clearly more complex than the "straightforward" version of the case that this Court already

dismissed, and which the Ninth Circuit sent back. A pro se Resident is not likely to be equipped to articulate his claims or a response to the summary judgment motion, which will require legal analysis in response to a qualified immunity argument based on the newly-altered standard. pending issues are complex, whether or not the case itself is. The Ninth Circuit was clear on its position, and this Court strays from the highlighted path at its peril. It is not more efficient for the parties—particularly the Defendants—or the Court, if the Court denies counsel, grants summary judgment, and the Ninth Circuit reverses again.

The Defendants' Objections to the Magistrate Judge's Order Appointing Counsel are OVERRULED and that Order is AFFIRMED. The Magistrate Judge shall appoint a pro bon attorney for the Resident Plaintiffs and the Defendants' pending Summary Judgment Motion [Dkt. # 191] is STAYED until further input from the new attorney.

IT IS SO ORDERED.

Dated this 18th day of November, 2019.

Ronald B. Leighton
United States District Judge